WISCONSIN REPORTS. 345

The State ex rel. Cushing vs. Hungerford et al.

## THE STATE, ex rel. CALEB CUSHING.

*vs.*

## WM. S. HUNGERFORD, WM. AMERY, JOHN McLEAN, ED. MURPHY, S. J. CLARK and S. J. R. McMILLAN.

ATTACHMENT FOR CONTEMPT.

Where the supreme court had issued a writ of prohibition in aid of a writ of assistance from a circuit court, it will also issue an attachment, as for a contempt against any party who shall disobey or unlawfully interfere with the requirements of the writ of prohibition.

The court will allow an amendment to be made to a copy of a writ appended to an affidavit, for an attachment for contempt; and also an amendment to a copy of a writ attached to a writ of attachment, which had been served, where the copy has been incorrectly made by mistake. But if such amendment be made to the affidavit, it must be again sworn to, and another copy be served on the opposite party.

On the 20th of May, 1854, and immediately after the decision of this court in the case of the *Attorney General vs. Lum,* 2 Wis., 507, the clerk of the circuit court of Dane county, issued a writ of assistance to Caleb Cushing *et al.,* to put him into possession of the property in controversy between Hungerford and Cushing. This writ was served upon Hungerford and those in possession on the first of June, 1854. On the 24th of April, 1854, Hungerford had filed in the circuit court for Polk county, a bill of complaint in equity, against Cushing and Frederick K. Bartlett *et al.* and which related to the same premises, as the bill then pending in the Dane circuit court. On the first of June, and after the service of the writ of assistance Hungerford served upon Bartlett, who was merely acting as the agent of Cushing *et al.* an *alias* writ of

injunction, issued from the circuit court of Polk county upon the bill filed there, restraining further proceedings to take possession of the premises. On the 21st of July the attorneys of Cushing, filed a relation in the supreme court against the judge of the circuit court of Polk county and Hungerford, praying for a writ of prohibition against them, to restrain further proceeding upon the bill filed in Polk county. The supreme court granted the writ, and it was issued on the same day. This writ was served upon the circuit judge on the 3d of August, who made an order staying all further proceedings under the injunction. The writ and order was also served on Hungerford on the 9th of August, at the Falls of St. Croix, in Polk county.

On the 15th of December, 1854, the circuit judge made a return to the writ, which was also adopted by Hungerford as his return thereto. This return states in substance the filing of the bill in Polk county, and the issuing of the writ of injunction thereon, that all had been done in accordance with law ; the bill had not been answered, and that the defendant to it had not brought the attention of the circuit court or of the judge to the pendency of the suit in Dane county; that the jurisdiction of the case had been entertained in accordance with the constitution and laws of the state ; that he had no judicial knowledge of the pendency of the suit in Dane county; that it was his duty, a clear case being made by the bill, to grant the injunction ; that the circuit court of Polk county having general jurisdiction its jurisdiction, could not be ousted except by plea; and therefore he had made the orders he had in the action in Polk county.

To this return the relator, Cushing, demurred on the 3d of January, 1855. But before the question was acted upon by the court he entered a discontinuance of the proceedings on the prohibition on the 31st of July, 1855.

On the 15th of September, Cushing by his attorneys came

into the supreme court and moved for a writ of attachment against William S. Hungerford, William Amery, John McLean Edward Murphy, Spencer J. Clark and S. J. R. McMillan This motion was founded upon the affidavit of Philip B. Jewell, to the effect that he was the deputy sheriff of Polk county, specially appointed to. serve the writ of assistance from the Dane circuit court, that he made the service on Hungerford ; and that he took possession of the premises set forth in the writ ; that the tenants on the premises attorned to Cushing ; that he being in possession under the writ of assistance was ejected by force from the premises on the 2d of June, by the service of the writ of injunction issued from the Polk circuit court ; that after the issuing and service of the writ of prohibition from the supreme court, he and the attorneys of Cushing were on the premises for the purpose of executing the writ ; that Amery claimed to hold the property as a deputy sheriff under the writ of injunction from Polk county circuit court ; and after hearing read the writ of prohibition, and order to stay proceedings under the injunction from Polk county, also the writ of assistance from Dane county, Amery refused to deliver up the possession, but said he would hold the same under the orders from Polk county ; that McMillan was present, acting as counsel for Hungerford, and advised Amery as to the statements he should make, and rights he should claim to the possession. When Jewell entered upon the mill to take possession of it, by virtue of the writ of assistance from Dane county, Amery ordered him to desist, and Hungerford requested him to eject Jewell from the mill and premises ; that Amery, McLean, Murphy and Clark took hold of Jewell and by force expelled him from the mills, and prevented him from executing the writ of assistance ; that it was all done at the instance of Hungerford and McMillan.

Upon this motion and affidavit a writ of attachment was issued against Hungerford, Amery, McMillan, McLean,

Spencer and Clark, on the 21st of September, 1854; which was served by the sheriff of Polk county upon McMillan, Clark and Amery, and they gave bail for their appearance before the court, &c. No further step was taken by the rela-, tor, until the 13th of December, when he resisted a motion made by the parties under arrest, to vacate the order granting the attachment for defects in the affidavits on which the order was made, and in the order itself; and that the affidavits and order had not been served upon them. This motion was denied and an order entered that the relator prepare the proper interrogatories to the defendants. Hungerford also entered his appearance without service. A stipulation was entered into on the 10th of Feb., 1855, that the copy of the affidavit of Jewell might be served on them now. And the interrogatories were filed on the 19th.

The copy of the writ of assistance appended to the interrogatories to McMillan described the property, "as situated upon lots three, four and five, in section nineteen, and lots one and four of section thirty all in township number thirty-four," range 18 west, &c., omitting lot "*two*" in section thirty. The copy appended to the writ of attachment, described the property "as situated upon lots three, four and five in section thirty," &c. All the respondents answered on the 19th of June, 1855. None of these answers will be noticed except that of McMillan, to the second interrogatory addressed to him. To this he answered that he had seen what purported to be a writ of assistance, a copy of which is annexed to the interrogatories, &c., which he heard read to William Amery, about the 14th of August, 1854. But from an examination of the copy, he believes that it did not take place on the premises described therein. That the writ of prohibition and of assistance were also read to Amery at the same time.

The relator's counsel on the 29th of June, moved to amend the copies of the writ of assistance by inserting the true des-

cription of land, and based this motion on affidavits showing mistakes made in making the copies. This motion was resisted and upon deciding it, the opinion of the court was written.

[After the decision, and on the 31st of July, the whole proceeding was discontinued, at the relator's costs.]

*McArthur & Bartlett* for the relator.

*Knowlton & Knapp* for the respondents.

*By the Court*, COLE, J. This is a motion on the part of the plaintiff and original relator in the above entitled cause for leave to amend the second interrogatory administered to McMillan, one of the above defendants, by inserting in the copy of the writ of assistance annexed to said interrogatory, and particularly referred to in it, in lieu of the description of the lots therein given, the following description: " Lots three, four and five, in section nineteen; and lots one and four, of section thirty, all in township thirty-four;" and for still further leave to amend in the same manner, the copy of the said writ of assistance annexed to the affidavit of Philip B. Jewell.

The above interrogatory, with others, was filed in this proceeding against the said McMillan, for an alleged contempt, in disobeying and wrongfully interfering with a writ of prohibition which has been issued out of this court in favor of the State of Wisconsin, *ex rel*, Caleb Cushing against Wiram Knowlton, judge of the circuit court of Polk county, and William S. Hungerford. The writ of assistance referred to in the motion had been issued out of the Dane circuit court, in a suit in chancery in which said Hungerford was complainant, and Caleb Cushing, *et al*, defendants.

McMillan having been arrested under a writ of attachment

issued from this court, subsequent to said writ of assistance, has made answer to the interrogatories filed in this attachment proceeding. This motion in effect as before stated, first, seeks to amend the second interrogatory thus filed, by amending a copy of the writ of assistance annexed to the same; and particularly referred to therein; and in the second place, to amend a copy of the same writ of assistance annexed to the affidavit of Jewell, upon which the attachment was issued. We have no doubt of the power of this court to permit these papers to be amended in the particulars asked for in this motion. It is, we think, a matter resting entirely within the discretion of the court. It is objected, however, by the counsel who resists this motion that these amendments cannot be made, for the reason that there is no action now pending in this court within the true intent and meaning of section 1, chap. 100, of the R. S. We do not think that this objection is well taken. This attachment proceeding has relation to the writ of prohibition, which has been issued from this court. McMillan has been attached for an alleged contempt in disobeying or unlawfully interfering with the requirements of that writ, that has given rise to this proceeding. Now certainly it would appear strange if this court could not maintain the dignity of its own process, and punish any one who might set it at defiance, because an amendment could not be made to cure some defect in the proceeding. Section 10, chapter 100, of the R. S. places, we think, the power of this court in that respect beyond all doubt.

Conceiving then that this court is at full liberty in its discretion to permit these amendments to be made, we will proceed to examine the affidavit filed in support of the motion, to see if it contains matter rendering it advisable and proper to exercise this discretion in the present case. The affidavit is made by the attorney of the relator, and states that the affiant has just discovered that his clerk in making out a

copy of the writ of assistance to be annexed to the interrogatories, and to which copy the second interrogatory refers, made a mistake in copying the description of the lots as contained in the original writ. He now asks to correct this mistake, for the purpose of obtaining a further answer from McMillan to that second interrogatory. The affiant further states, that the premises were rightly described in the original writ of assistance, which was read by him to the parties, defendants herein; and also that there was annexed to the interrogatories, a copy of the writ of prohibition, in which likewise the land was correctly described. Moreover he further states that he does not believe that either defendant has been misled by the mistake sought to be corrected. Such being the uncontroverted facts of the case, we are disposed to allow the interrogatory to be amended, as asked for in the motion. We are unable to see that the amendment can possibly work any injury or surprise to McMillan.

The copy of the writ of assistance annexed to Jewell's affidavit and referred to in it can also be amended; but as a matter of course the affidavit as amended will have to be again sworn to by him.

The motion is granted, the relator paying the costs of this motion, and such other costs as shall be incident to the amendment made.